IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRUCE WINKWORTH and MARCIA )
BOTELHO, *Individually and on behalf of* )
*themselves and on behalf of all others* )
*similarly situated,* )
)
       Plaintiffs, )    Civil Action No. 19-1011
)
vs. )
)
SPECTRUM BRANDS, INC., )
)
       Defendant. )

## **MEMORANDUM OPINION**

Defendant Spectrum Brands, Inc., ("Spectrum"), removed the present case to this Court under 28 U.S.C. § 1453.[1] (ECF No. 1). Pending before the Court is Plaintiffs' Motion to Remand this action to state court. (ECF No. 6). Because the jurisdictional requirements under the Class Action Fairness Act ("CAFA") are satisfied, Plaintiffs' motion will be denied.[2]

**I.   Background**

Plaintiffs commenced this class action lawsuit in the Court of Common Pleas of Jefferson County, Pennsylvania, "to redress a defective and dangerous condition present in the Remington® Hot Rollers ("Hot Rollers") that were warranted, advertised, distributed, and sold" by Spectrum

---

[1]Section 1453 allows for the removal of class and mass actions that satisfy the requirements of the Class Action Fairness Act, 28 U.S.C. 1332(d), from state courts to federal courts. 28 U.S.C. § 1453.

[2] Under the Federal Magistrate Judges Act, "[u]pon consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court." 28 U.S.C. § 636(c)(1). Consent of all parties to a case gives the magistrate judge full "authority over dispositive motions, conduct of trial, and entry of final judgment, all without district court review." *Roell v. Withrow*, 538 U.S. 580, 585 (2003). Both parties consented to the magistrate judge's jurisdiction. (ECF Nos. 16, 17).

throughout the United States. (ECF No. 1-1 ¶ 1). Specifically, Plaintiffs allege that due to a latent defect, the Hot Rollers "heat to unreasonably unsafe temperatures when operated as instructed . . . thereby exposing consumers to dangerous skin contact . . . ." (*Id.* ¶ 5). Plaintiffs claim that this alleged defect "is unreasonably dangerous and renders the Hot Rollers unfit to use when curling hair with a bare hand . . . ." (*Id.* ¶ 16).

Plaintiffs seek to represent two classes with respect to these allegations:

> (1) A nationwide Injunctive/Declaratory Relief Class ("Nationwide Class") consisting of all persons in the United States who own a Hot Roller purchased during the four (4) years preceding the filing of this action, and
>
> (2) A Pennsylvania-only Damages Class ("Pennsylvania Class") consisting of all persons in the Commonwealth of Pennsylvania who purchased a Hot Roller during the four (4) years preceding the filing of this action.

(*Id.* ¶¶ 66–67).

In their complaint, Plaintiffs assert multiple claims on behalf of one or both of these classes, including breach of the implied warranty of merchantability, breach of express warranty, violation of the Magnuson-Moss Consumer Products Warranties Act, negligence, and negligent failure to warn. (*Id.* ¶¶ 79–95, 96–120, 121–134, 135–143, 144–155). In their prayer for relief, Plaintiffs seek, inter alia, an order certifying both classes, compensatory damages sustained by Plaintiffs and both classes, equitable and injunctive relief for the Nationwide Class, payment of costs of the lawsuit, pre-judgment and post-judgment interest on any amounts awarded, punitive damages, and reasonable attorneys' fees. (*Id.* at 34–35). As it relates to the Nationwide Class, Plaintiffs request declaratory relief related to the defect, the remediation of the defect, and its coverage under the available express and implied warranties. (*Id.* ¶¶ 95, 119, 133).

Spectrum filed a timely notice of removal in this Court averring that the jurisdictional requirements under CAFA are satisfied. (ECF No. 1). In their Motion to Remand, Plaintiffs contest

Spectrum's allegation regarding the amount in controversy. (ECF No. 6). This motion has been fully briefed and is ripe for resolution. (ECF Nos. 7, 12, 13).

## II. Standard of Review

"The removing party . . . carries a heavy burden of showing that at all stages of the litigation the case is properly before the federal court. Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 162 (3d Cir. 2014) (quoting *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009)). However, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (citing *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013)). A court shall remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

## III. Discussion

Under CAFA, a defendant may remove a class action to a federal district court so long as the action satisfies the statute's special diversity and procedural requirements. Specifically, federal district courts have original jurisdiction over such cases when (1) there are at least 100 members of the class; (2) there is minimal diversity, i.e., any member of the class of plaintiffs is a citizen of a different state from any defendant; and (3) the amount in controversy, as aggregated across all individual claims, exceeds the sum or value of $5 million (exclusive of interest and costs). 28 U.S.C. §§ 1332(d)(2)(A), (d)(5)(B), (d)(6). Plaintiffs' complaint does not state the amount in controversy.

The United States Supreme Court has explained that "[w]hen the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee*,

3

574 U.S. at 84. To that end, "the notice of removal need include only a plausible allegation that the amount in controversy" is satisfied. *Id.* at 89 (citing 28 U.S.C. § 1446(a)). "The defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87.

In a case where the plaintiff contests the defendant's allegation, however, "'[r]emoval . . . is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Id.* (quoting 28 U.S.C. § 1446(c)(2)(B)). The Third Circuit Court of Appeals has interpreted preponderance of evidence in this context as "proof to a reasonable probability that jurisdiction exists." *Frederico v. Home Depot*, 507 F.3d 188, 195 n.6 (3d Cir. 2007) (quoting *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993)).

The only issue in dispute for purposes of determining if the Court has jurisdiction is the amount in controversy. Plaintiffs contest that their claims meet the $5 million threshold. Thus, the Court must determine if Spectrum has met its burden to establish by a preponderance of evidence that jurisdiction exists.

In their complaint, Plaintiffs specifically allege that they seek—on behalf of both Classes—compensatory, direct, incidental, and consequential damages, including full refunds or replacement of the Hot Rollers with a non-defective product at least the quality and grade marketed and promised, as well as the shipment at Spectrum's expense for breach of express warranties. (ECF No. 1-1 ¶ 118).

Focusing on the Nationwide Class, Spectrum premises its position regarding the amount in controversy on the fact that the injunctive/declaratory relief sought by Plaintiffs necessitates either replacing the Hot Rollers or providing refunds to the Nationwide Class. (ECF No. 1 ¶¶ 22, 26).

4

Spectrum then calculates the prospective size of the Nationwide Class and the value associated with the remedy sought by Plaintiffs for this class. (*Id.* ¶ 25). In this regard, Spectrum has submitted a declaration of its Senior Director of Compliance, Thomas Baumgard. (ECF No. 12-1 ("Baumgard Declaration")). Mr. Baumgard states that the manufacturer's suggested retail price of a Hot Roller is $24.99 (*Id.* ¶ 6). Using the manufacturer's suggested retail price of $24.99, Spectrum calculates that the Nationwide Class would need to consist of 200,081 individuals for the amount in controversy to exceed CAFA's threshold.[3] (ECF No. 1 ¶ 25). During the four-year putative class period preceding the filing of this action, over 400,000 Hot Rollers were sold to retailers throughout the United States for sale to consumers. (Baumgard Decl. ¶ 4). According to Spectrum, therefore, the amount in controversy is satisfied because it shipped far more Hot Rollers during the putative class period than the 200,081 necessary to equal the jurisdictional threshold of $5 million if a refund or replacement was required. (ECF No. 1 ¶ 27).

In their Motion to Remand, Plaintiffs contend that they are not seeking a nationwide refund to each purchaser of the Hot Rollers. (ECF No. 7 at 8). Rather, according to Plaintiffs, a proper reading of their complaint demonstrates that any refund would only be in the context of a breach of express warranty for the Pennsylvania Class. (*Id.* at 4, 8). Plaintiffs maintain that the injunctive and/or declaratory relief that they seek on behalf of the Nationwide Class is limited to, inter alia, declaring coverage under the available express and implied warranties. (*Id.* at 4). Plaintiffs therefore object to the aggregation of national sales data as a means to satisfy the amount in controversy. (*Id.* at 1).

Plaintiffs' contentions are untenable for two reasons. First, to the extent that Plaintiffs now seek to limit the replacements/refunds to the Pennsylvania Class, their position conflicts with the

---

[3] $5 million divided by $24.99 equals 200,080.03.

5

holding of the United States Supreme Court that a prospective class member cannot legally bind members of a proposed class before the class is certified. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 596 (2013) ("[T]he stipulation at issue here can tie [the individual plaintiff's] hands, but it does not resolve the amount-in-controversy question in light of his inability to bind the rest of the class."). In fact, as representatives of the putative Nationwide Class, it is Plaintiffs' fiduciary duty not to "throw away what could be a major component of the class's recovery." *Id.* at 594 (quoting *Back Doctors Ltd. v. Metropolitan Property & Cas. Ins. Co.*, 637 F.3d 827, 830–31 (7th Cir. 2011)).

Second, leaving aside the fact that Plaintiffs' current position is at odds with what they specifically seek in their complaint, i.e., refunds or replacements for both Classes, "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation. *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). Here, if Plaintiffs prevail, they will obtain a declaration that all Hot Rollers are covered under Spectrum's express and implied warranties. In turn, this declaration would entitle each individual in the Nationwide Class to a replacement Hot Roller or a refund of the purchase price. Therefore, it is entirely appropriate for Spectrum to rely upon national sales data over the relevant time period to prove to a reasonable certainty that jurisdiction exists.

Spectrum has met its burden to show by the preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. Because the value of the relief Plaintiffs seek on behalf of the Nationwide Class exceeds $5 million, the Court has subject matter jurisdiction over this case under CAFA.

## IV. Conclusion

For the reasons discussed herein, the Court finds that the jurisdictional requirements under CAFA are satisfied. Therefore, Plaintiffs' Motion to Remand (ECF No. 6) will be denied. An appropriate order will follow.

BY THE COURT:

s/ Patricia L Dodge
PATRICIA L. DODGE
United States Magistrate Judge

Dated: October 21, 2019